**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN BRYANT GOODWIN,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-1463-D-BH** |
| | ) | |
| **UNNAMED PHYSICIANS,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has

been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Plaintiff filed this action in August 2009.  After granting him leave to proceed *in forma*

*pauperis*, the Court sent him a Magistrate Judge's Questionnaire ("MJQ") on September 28, 2009,

directing him to answer the questions and return his answers within thirty days.  It expressly warned

him that "[f]ailure to file answers to the questions may result in the dismissal of the action for failure

to prosecute."  To date, Plaintiff has filed no answers to the MJQ.  This failure demonstrates an

inclination not to prosecute this action.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket,

prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with the September

28, 2009 order that he file his answers within thirty days.  Accordingly, the Court should dismiss

this federal action.

## III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant

to Fed. R. Civ. P. 41(b).

**SIGNED this 6th day of November, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 10 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See*
*Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE